O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALLAN A. SOTO,                              )   Case No. EDCV 12-1877-OP
                                            )
                    Plaintiff,              )
           v.                               )   MEMORANDUM OPINION AND
                                            )   ORDER
CAROLYN W. COLVIN,[1]                       )
Commissioner of Social Security,            )
                                            )
                    Defendant.              )
                                            )

        The Court[2] now rules as follows with respect to the disputed issue listed in
the Joint Stipulation ("JS").[3]

/ / /

---

        [1]  Carolyn W. Colvin, the current Acting Commissioner of Social Security, is
hereby substituted as the Defendant herein.  Fed. R. Civ. P. 25(d)(1)

        [2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the
United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)

        [3]  As the Court stated in its Case Management Order, the decision in this
case is made on the basis of the pleadings, the Administrative Record, and the Joint
Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules
of Civil Procedure, the Court has determined which party is entitled to judgment
under the standards set forth in 42 U.S.C. § 405(g).  (ECF No. 6 at 3.)

1

**I.**

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the only disputed issue raised by Plaintiff as the grounds for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's residual functional capacity ("RFC").  (JS at 4.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**III.**

**DISCUSSION**

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of bilateral hearing loss and a learning disorder.  (Administrative Record ("AR") at 30.)  The ALJ found that Plaintiff had the RFC to perform the full range of medium work with the

2

following limitations:

> [T]he claimant is to avoid working around hazards such as unprotected heights and machinery. He has retained the ability to sit, stand, and/or walk for six hours out of an eight [hour] workday. Additionally, he is able to push and/or pull with the medium exertional limitations and is limited to frequently kneeling, stooping, crouching, crawling and climbing of ramps and stairs, but is to never climb ladders, ropes or scaffolds. He is deemed to work best in an environment with moderate noise, but at a job that does not require acute hearing and would provide face-to-face instructions. Further, he is limited to simple, one-to-two step instructions for routine, repetitive tasks in an environment free of fast-paced production requirements. He is limited to a work environment where he would only be required to make simple work related decisions with few if any work place changes. Lastly, the claimant has no manipulative limitations and is capable of interacting appropriately with supervisors, co-workers, and the public.

(Id. at 35.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing work available in the national economy, such as a cleaner/housekeeper, janitor, or mail clerk. (Id. at 39.)

**B.    The ALJ Properly Determined Plaintiff's RFC.**

Plaintiff contends that the ALJ improperly assessed Plaintiff's RFC. (JS at 5-6, 11.) Specifically, Plaintiff contends that, although the ALJ found that Plaintiff has moderate difficulties with activities of daily living and social functioning, the ALJ did not include these difficulties in the RFC. (Id. at 5.) Plaintiff contends that the ALJ's finding that Plaintiff can interact appropriately with supervisors, co-workers, and the public is inconsistent with a finding of moderate deficiencies in activities of daily living and social functioning. (Id.) Plaintiff also contends that

3

1  the ALJ should have included these moderate limitations in the hypothetical to the

2  VE.  (Id. at 6.)

3          A claimant's "residual functional capacity" is the most a claimant can still

4  do despite his limitations.  Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996)

5  (citing 20 C.F.R. § 404.1545(a)).  An ALJ will assess a claimant's RFC based on

6  all the relevant evidence of record and will consider all of the claimant's medically

7  determinable impairments, whether found to be severe or not.  20 C.F.R. §

8  404.1545(a)(2), (3), (e).  An RFC assessment is ultimately an administrative

9  finding reserved to the Commissioner.  20 C.F.R. § 404.1527(e)(2).

10         The Court finds that the ALJ did not err in failing to include the moderate

11  limitations in social functioning and activities of daily living in the RFC

12  assessment or in the hypothetical to the VE.  The Social Security Rulings[4] provide

13  that the mild, moderate, or severe limitations in the broad categories of activities of

14  daily living, social functioning, and concentration, persistence, or pace, that are

15  assessed as part of the psychiatric review technique "are not an RFC assessment

16  but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the

17  sequential evaluation process."  Soc. Sec. Ruling 96-8p.  The "RFC assessment

18  used at steps 4 and 5 of the sequential evaluation process requires a more detailed

19  assessment by itemizing various functions."  Id.  This more detailed assessment is

20  based on all of the relevant evidence of record, including "statements about what

21  you can still do made by nonexamining physicians and psychologists."  20 C.F.R.

22  § 416.913(c); see also SSR 96-8p.

23         In a recent unpublished decision, the Ninth Circuit addressed this very issue,

24

25

26         [4] "The Secretary issues Social Security Rulings to clarify the Secretary's
regulations and policy . . . . Although SSRs are not published in the federal

27  register and do not have the force of law, [the Ninth Circuit] nevertheless give[s]
deference to the Secretary's interpretation of its regulations."  Bunnell v. Sullivan,

28  947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc).

4

1    concluding that the ALJ's RFC assessment adequately captured all of the

2    claimant's limitations, despite the ALJ's finding of moderate difficulties in social

3    functioning, because the claimant did not have significant limitations in any

4    concrete work-related abilities that would prevent her from performing simple

5    routine tasks involved in unskilled jobs.  See Rogers v. Comm'r of Soc. Sec.

6    Admin., 490 Fed. App'x 15, 17-18 (9th Cir. 2012) (citing Stubbs-Danielson v.

7    Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008)).[5]  The Rogers court noted that

8    moderate impairments assessed in broad functional areas used at steps two and

9    three of the sequential process did not equate to concrete work-related limitations

10   for purposes of determining a claimant's RFC.  Id.; see also Martin v. Astrue, No.

11   2:12-cv-0033-KJN, 2013 WL 552932, at *8 (E.D. Cal. Feb. 13, 2013) (same).

12   Therefore, the ALJ was not required to include the moderate limitations in

13   activities of daily living and social functioning in her assessment of Plaintiff's

14   RFC.

15        A claimant for disability benefits bears the burden of producing evidence to

16   demonstrate that he was disabled within the relevant time period.  Johnson v.

17   Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).  The existence of a severe impairment

18   is demonstrated when the evidence establishes more than a minimal effect on an

19   individual's ability to do basic work activities.  Smolen, 80 F.3d at 1290; 20 C.F.R.

20   §§ 404.1521(a), 416.921(a).  Furthermore, the mere existence of a condition is not

21   per se disabling; rather there must be proof of the impairment's disabling severity.

22   Sample v. Schweiker, 694 F.2d 639, 642-43 (9th Cir. 1982) (internal citations

23   omitted); 42 U.S.C. § 1382c(a)(3)(C)(i).

24        Here, Plaintiff has not met his burden of showing that he has a disabling

25

26        [5]  Ninth Circuit Rule 36-3 provides for the citation of unpublished opinions

27   issue on or after January 1, 2007.  See also Fed. R. App. Proc. 32.1(a).  The parties
     have not cited to, and the Court is unaware of, any published Ninth Circuit

28   precedent that addresses this exact issue.

1    condition.  Plaintiff has not pointed to any medical evidence in the record which
2    demonstrates that either his bilateral hearing loss or his learning disorder, the only
3    two impairments found severe by the ALJ, prevent him from sustaining full time
4    work.  The ALJ properly referred to the medical evidence in the record in reaching
5    her RFC determination.  (AR at 30-34.)  This evidence did not demonstrate that
6    Plaintiff's impairments were so severe as to prevent him from sustaining full time
7    work for at least twelve months, the requirement to establish disability.

8         In fact, the ALJ was giving Plaintiff the benefit of the doubt in determining
9    that he had moderate limitations in the areas of activities of daily living and social
10   functioning, rather than merely mild limitations.  (Id. at 33-34.)  For example, in
11   discussing Plaintiff's activities of daily living, the ALJ noted that Plaintiff was
12   capable of performing the following activities:  caring for a horse and four dogs,
13   attending school twice a week, spending time with friends, looking for work, using
14   public transportation, preparing simple meals, attending to personal care, doing
15   laundry, mowing the lawn, managing finances, going shopping, and using a
16   computer and the internet.  (Id. at 33.)  The ALJ acknowledged that assessing a
17   moderate restriction in activities of daily living was "giving the claimant the
18   benefit of the doubt . . . even though the record and his testimony evidence a high
19   level of functioning in this area."  (Id. at 33-34.)

20        Similarly, the ALJ gave Plaintiff the benefit of the doubt in assessing
21   moderate limitations in social functioning.  For example, the ALJ noted that,
22   despite Plaintiff's understandable frustration at others' difficulty in understanding
23   him due to his hearing impairment, he nevertheless had a "full social life," which
24   included socializing with friends, going to church every Sunday, and going to
25   school.  (Id. at 34.)  The ALJ observed that Plaintiff had "never been noted in his
26   school records as evidencing a significant behavioral problem, has been
27   cooperative and friendly in all his evaluations, and has stated that he enjoys doing
28   things with friends such as going to the movies and hiking."  (Id.)  The ALJ also

1  noted that "there is no evidence in the record of any self-isolating behaviors, social
2  anxiety, or aggressiveness indicative of a significant problem" in the area of social
3  functioning.  (Id.)

4       Given the evidence of Plaintiff's ability to perform most activities of daily
5  living and to socialize and interact with others, and given the lack of medical
6  evidence in the record to the contrary, the Court finds that the ALJ's RFC
7  assessment that Plaintiff was capable of "interacting appropriately with
8  supervisors, co-workers, and the public" was supported by substantial evidence.
9  Thus, there was no error.

10  ## IV.

11  ## ORDER

12       Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be
13  entered affirming the decision of the Commissioner, and dismissing this action
14  with prejudice.

15
16  Dated:  June 17, 2013

17  HONORABLE OSWALD PARADA
   United States Magistrate Judge

18
19
20
21
22
23
24
25
26
27
28

7